————o————

No. 4614.

(Court of Appeal, Parish of Orleans.)

LAVINIA JOHNSON VS. GUSTAVE A. MATTLE.

1. The general rule of jurisprudence is, that all the issues presented by the pleadings and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, even if the judgment be silent as to some of them.

2. But where, in a suit where both litigants seek to be recognized as owners, the pleadings do not present any claim for the value of the improvements, such failure to demand them will not bar a claim for its recovery in another action.

3. An evicted party is entitled to the value of the permanent improvements made by him, but not to the ordinary repairs necessary to the enjoyment of the property and made by him during his possession.

Appeal from the Civil District Court, Division "D."

F. R. Richardson, for Plaintiff and Appellant.

J. J. McLoughlin, for Defendant and Appellee.

DUFOUR, J. On September 18th, 1905, Lavinia Johnson and Henry Austin bought suit against Mattle for slander of title and prayed for judgment recognizing them as owners of certain real estate.

The answer set up title in Mattle and asked that he be recognized as owner.

A judgment recognizing Lavinia Johnson and Mattle as

—218—

each entitled to an undivided half of the property was, on appeal, affirmed by this Court.

A judgment of partition was then rendered and the property was sold, the proceeds of sale being referred to a notary.

Mattle then took a rule claiming reimbursement of one-half of the amount paid by him for taxes and repairs, under the reservation made in the judgment of partition, and obtained judgment for all such outlay as was not barred by the prescription of ten years.

The appellant relies in this court on the plea of *res judicata* based upon the judgment in the suit for ownership, and asserts that the claims for taxes and improvements are concluded thereby, even though not presented by the pleadings.

In answer to a similar contention, the Supreme Court, at an early stage of our jurisprudence, said in reference to a petitory action:

"No claim was made for the value of the improvements in that suit. Consequently they were not passed upon. We have already decided in the case of Richardson vs. Packwood, that the failure of a defendant to demand them did not prevent him from claiming them in another action."

7 M. (N. S.) 652.

In affirming this doctrine in 111 La. 658, the Supreme Court said:

"We do not see how the demand can be res judicata, when it has never been presented to any Court, and still less passed on by any court."

And again:

"The law only forbids the dividing of one debt for separate suits." C. P. 156.

In 36 An. 400 the rule is laid down as having, by jurisprudence, being rested on a solid foundation, " that all issues presented by the pleadings, and on which evidence has been offered, will be considered as disposed of by a final judgment in the cause, and that demands passed over in silence must be considered as rejectd in the absence of a special reservation."

In the suit between the present litigants, both claimed ownership and both were silent as to other claims.

The plea of res judicata cannot prevail.

Mattle is entitled to recover one-half of the taxes paid by him, and his claim is a personal one governed by the prescription of ten years. The prescription of three years does not extend beyond the relations between the fisc and the taxpayer.

But in a case of this kind, the evicted party cannot recover the value of the ordinary repairs necessary to the enjoyment of the thing made by him during his possession, but is entitled merely to the value of the improvements proper.

41 A. 6; 43 A. 534-537; 44 A. 199-207.

The record does not show whether the work for which reimbursement is claimed consisted of repairs or improvements. We are therefore unable to pass upon this claim.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that the rule taken herein by Gustave A. Mattle be made absolute to the extent herein ordered, and that accordingly Bussiere Rouen, Notary Public, be and is hereby ordered to pay over to Gustave A. Mattle out of the partition funds herein, one half of the sum of $100.94, taxes paid by Mattle from 1898 to 1907, inclusive, with legal interest from April 15th, 1908, until paid, and, that in all other respects Mattle's demand be rejected as in case of non-suit, and that as amended, the judgment be affirmed, Mattle to pay costs of appeal.

March 8th, 1909.

Rehearing refused, March 22, 1909.